UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY A. VOIGT,

        Petitioner,

v.                                                      Case No. 07-C-630

MICHAEL THURMER,

        Respondent.

## ORDER

On July 9, 2007, Jeffrey A. Voigt filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in 1997 in Outagamie County Circuit Court of perjury and was sentenced to 18 months imprisonment, running consecutive to a lengthier sentence for a separate conviction. He is currently incarcerated at Waupun Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims, timely filed his petition, and exhausted available state remedies.

Voigt pleaded no contest to perjury arising from his testimony in a homicide trial in which he attempted to discredit the testimony of another inmate who testified for the State. Although the prosecutor recommended probation, the trial court imposed a sentence of 18 months, to run consecutively to another sentence he was serving. Voigt did not directly appeal the perjury conviction or sentence, which, according to his petition, was handed down on September 19, 1997. However, years later he launched a collateral attack in state court through a motion to withdraw his no-contest plea. The circuit court denied that motion on March 6, 2006, and Voigt appealed to the Wisconsin Court of Appeals, which affirmed the denial on January 17, 2007. The Wisconsin Supreme Court denied his petition for review on May 22, 2007.

In his habeas petition, Voigt claims that his constitutional rights were violated when the trial court (1) failed to ascertain whether his trial counsel alerted him of any discoverable defenses or mitigating circumstances; (2) failed to inquire whether he was apprised of the elements of the charge; (3) failed to advise him personally that it was not bound by the negotiated sentence recommendations; (4) failed to consider his character and rehabilitation needs when imposing sentence; and (5) improperly overruled a decision regarding post-conviction discovery made by the judge's predecessor.

The petition appears to be untimely. 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), states that an application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date an unlawful impediment to filing a petition is removed; (C) the date on which the constitutional right asserted was initially recognized

by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. Any time during which a properly filed application for state post-conviction relief is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2).

It is subsection (A) that appears to render Voigt's petition untimely. The petition reveals that Voigt was sentenced on September 19, 1997. Under Wisconsin law, Voigt then had twenty days in which to seek post-conviction relief or to file a notice of appeal in the court of appeals. Wis. Stat. §§ 808.40(3), 809.30(2)(b). However, for several years, Voigt did neither. For purposes of § 2244(d)(1)(A), his one-year clock began to run 90 days after those 20 days were up, that is, on (or about) January 9, 1998. *See Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir. 2002*)* (holding that the 90-day period during which state prisoner may file a petition for certiorari to the United States Supreme Court falls within the meaning of section 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run). Thus, the expiration of his time to file for federal habeas relief would have been one year later, January 9, 1999, absent circumstances qualifying him for a later date under one or more of the scenarios mentioned above. However, such circumstances appear non-existent or highly unlikely. The rights asserted by petitioner are not newly created by the Supreme Court. Nothing in the petition or the supporting documentation permits the court to conclude that petitioner faced any impediment in filing the petition or that the factual predicates of his claims are newly discovered.

Although § 2244(d)(2) excludes the time during which state post-conviction proceedings are pending, it appears from the petition that no such proceedings were begun until several years

3

after the petitioner's time for filing the § 2254 petition had expired in early 1999.[1] The hearing on Voigt's motion to withdraw his no-contest plea was held on March 6, 2006, which strongly suggests that it was filed that year or perhaps in 2005 at the earliest. Thus, it appears that over six years passed before Voigt brought a state court proceeding to seek post-conviction relief. While Wisconsin law might permit petitioner to seek post-conviction relief in such circumstances, federal law does not. Because the petition was filed more than one year after the conviction and underlying facts became "final" in 1999, and because it appears there were no state proceedings to suspend the one-year period from running, the petition appears to be untimely.

Before dismissing a habeas application for untimeliness, a court must grant the petitioner fair notice and afford him an opportunity to present his position. *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006). **THEREFORE, IT IS ORDERED** that within 21 days of the date of this order petitioner shall show cause, if any, why his application for federal habeas relief is not time-barred. If petitioner fails to respond within 21 days, his petition will be dismissed with prejudice.

Petitioner also filed with his petition an application for leave to proceed *in forma pauperis*. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as set forth in § 1915. He has done so, but I am not satisfied that he lacks sufficient funds to proceed here. The filing fee for a habeas petition is only $5. Petitioner's trust account statement shows that his balance for the prior six months averaged roughly $43, and he has about the same amount in the account now. Requiring a petitioner in such financial circumstances to pay the $5

---

[1] Voigt's request for post-conviction relief under Wis. Stat. § 974.06 is considered a request for collateral relief rather than a request for direct review. *See Graham v. Borgen*, 483 F.3d 475, 479-80 (7th Cir. 2007). Thus, his request for relief under Wis. Stat. § 974.06 does not affect the date his judgment became final under § 2244(d)(1)(A).

4

filing fee is quite reasonable.  **ACCORDINGLY, IT IS FURTHER ORDERED** that petitioner's request for leave to proceed *in forma pauperis* is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner pay the $5 filing fee within 21 days.  Failure to do so in the allotted time frame will result in dismissal of the habeas petition.

Dated this   17th   day of July, 2007.

                                          s/ William C. Griesbach
                                          William C. Griesbach
                                          United States District Judge