UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY A. VOIGT,

        Petitioner,

    v.                                         Case No.  07-C-630

MICHAEL THURMER,

        Respondent.

**ORDER**

On July 9, 2007, Jeffrey A. Voigt filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner also filed a request to proceed *in forma pauperis*. Petitioner was convicted in 1997 in Outagamie County Circuit Court of perjury and was sentenced to 18 months imprisonment, running consecutive to a lengthier sentence for a separate conviction. He is currently incarcerated at Waupun Correctional Institution.

In my initial review of the matter, I denied Voigt's request to proceed *in forma pauperis* because his trust account statement revealed a balance greater than the 5$ filing fee required for petitions seeking relief under § 2254. Voigt was given 21 days within which to pay the 5$ fee, which he has now done. Because the petition was filed more than one year after Voigt's conviction had become final, however, I also directed Voigt as part of my initial screening order to show cause within 21 days why his habeas petition was not time-barred under 28 U.S.C. § 2244(d)(1). He has complied with this order, as well, and I will now address his response.

As I noted in my prior order, Voigt pleaded no contest to perjury arising from his testimony in a homicide trial in which he attempted to discredit the testimony of another inmate who testified for the State. Although the prosecutor recommended probation, the trial court imposed a sentence of 18 months and ordered it to run consecutively to another sentence he was serving. Voigt did not directly appeal the perjury conviction or sentence, which, according to his petition, was handed down on September 19, 1997. However, years later he launched a collateral attack in state court through a motion to withdraw his no-contest plea. The circuit court denied that motion on March 6, 2006, and Voigt appealed to the Wisconsin Court of Appeals, which affirmed the denial on January 17, 2007. The Wisconsin Supreme Court denied his petition for review on May 22, 2007.

In his habeas petition, Voigt claims that his constitutional rights were violated when the trial court (1) failed to ascertain whether his trial counsel alerted him of any discoverable defenses or mitigating circumstances; (2) failed to inquire whether he was apprised of the elements of the charge; (3) failed to advise him personally that it was not bound by the negotiated sentence recommendations; (4) failed to consider his character and rehabilitation needs when imposing sentence; and (5) improperly overruled a decision regarding post-conviction discovery made by the judge's predecessor. He argues that his petition is timely under 28 U.S.C. § 2244(d)(1)(D) because it was filed within one year of the date on which the factual predicates of his claim could have been discovered through the exercise of due diligence.

Although Voigt cites to § 2244(d)(1)(D), his proffered reasons do not bring his petition under that provision. Voigt contends that in the seven years after his sentencing he had difficulty obtaining pre-trial discovery materials from his trial counsel, and that only later, upon viewing some of these materials, did he realize he had a "complete defense" to the perjury charge. But not only

2

does Voigt fail to even suggest what this "newly discovered" evidence might be, it has nothing to

do with the grounds upon which Voigt claims he is entitled to relief. As noted above, Voigt claims

he is entitled to federal relief under § 2254 because the state circuit court failed to conduct a proper

plea colloquy and imposed a sentence without properly considering his character and rehabilitation

needs. These are matters of record. Voigt was present at his plea and sentencing hearings, along

with his attorney, and both would have been immediately aware of what he was and was not told

at the time of his plea, as well as what the court did and did not consider at his sentencing. Given

this fact, the claim that it took seven years to discover the factual underpinning of his claims is

nonsensical. As to the conclusory claim that he was denied discovery in a post-conviction

proceeding, Voigt admits that he did not file his motion for post-conviction relief until March 6,

2006. (Pet. at 4.) By that time, the one year statute of limitations for habeas petitions had already

expired. Thus, any claim relating to those proceedings would also be barred. *See Teas v. Endicott*,

--- F.3d ----, 2007 WL 2012388 (7th Cir. July 13, 2007).

I therefore conclude that Voigt's petition for habeas corpus is barred under § 2244(d) and

should be summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**SO ORDERED** this ___26th___ day of July, 2007.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge

3