UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY A. VOIGT,

        Petitioner,

v.                                         Case No. 07-C-630

MICHAEL THURMER,

        Respondent.

**ORDER DENYING MOTION FOR RECONSIDERATION**

On July 9, 2007, Jeffrey A. Voigt filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in 1997 in Outagamie County Circuit Court of perjury and was sentenced to 18 months imprisonment, running consecutive to a lengthier sentence for a separate conviction. He is currently incarcerated at Waupun Correctional Institution. In a habeas screening order, I dismissed Voigt's petition as untimely under 28 U.S.C. § 2244(d), and Voigt has now filed a motion for reconsideration.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Because the conditions that would justify granting a motion to

reconsider are rarely present, such motions are disfavored and should be equally rare. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

Voigt's motion for reconsideration contains no new evidence and points to no controlling law that would allow his habeas petition to be revived. The cases Voigt cites in his motion do not alter the analysis or outcome of my prior order. Furthermore, the bulk of his arguments miss the mark entirely.[1] For example, one of Voigt's habeas claims is that the state circuit court failed to conduct a proper plea colloquy and imposed a sentence without properly considering his character and rehabilitation needs. As I noted in my order of dismissal, Voigt was present at his plea and sentencing hearings, along with his attorney, and both would have been immediately aware of what he was and was not told at the time of his plea, as well as what the court did and did not consider at his sentencing. I further noted that given this *fact*, his claim that it took seven years to discover the factual underpinning of his claims is nonsensical. In his motion for reconsideration, Voigt argues that his and his attorney's presence at the plea and sentencing hearings is a "misstatement of the *law*." (Mot. to Reconsider at 2 (emphasis added).) It is not clear to this court how *any* fact can be transformed into a misstatement of the law.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration is **DENIED**.

Dated this   1st   day of August, 2007.

                                                               s/ William C. Griesbach
                                                               William C. Griesbach
                                                               United States District Judge

---

[1] As most of his arguments are directed at the merits of his claims, Voigt does not appear to appreciate that his petition was dismissed for untimeliness under § 2244(d). If a habeas petition is untimely, a court never reaches the merits of the claims.